UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM E. HATTAWAY,
individually and on behalf of all others
similarly situated,

     Plaintiff,

v.                                  Case No.: 8:22-cv-1298-WFJ-SPF

APYX MEDICAL CORPORATION,
CHARLES D. GOODWIN, II, and
TARA SEMB,

     Defendants.

_____/

## ORDER

Before the Court is proposed lead plaintiff William E. Hattaway's Notice of Motion of William E. Hattaway for Appointment as Lead Plaintiff and Approval of Counsel (Doc. 32), as well as a Memorandum of Law in Support of Motion of William E. Hattaway for Appointment as Lead Plaintiff and Approval of Counsel (Doc. 33). After careful consideration of the Motion and pertinent portions of the record, the Court finds that the Motion should be GRANTED.

### I.   BACKGROUND

This action seeks class-wide relief on behalf of persons and entities that purchased or otherwise acquired Apyx Medical Corporation ("Apyx") securities between May 12, 2021 and March 11, 2022 (the "Class Period") (*See generally* Doc. 1). Defendant Apyx is an advanced energy technology company incorporated under the laws of Delaware, and it maintains its corporate headquarters in Clearwater, Florida. (Doc. 1 at ¶¶ 2, 12).

Defendant Charles D. Goodwin, II and Defendant Tara Semb were Apyx's CEO and CFO, respectively, during the Class Period (*Id.*, ¶¶ 13–14).  According to the Complaint, during the Class Period, Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by making materially false or misleading statements and failing to disclose adverse facts about Apyx's business, operations, and prospects.  Specifically, the Complaint alleges that Defendants failed to disclose: (1) that a significant number of Apyx's Advanced Energy products were used for off-label indications; (2) that such off-label uses led to an increase in the number of medical device reports filed by Apyx reporting serious adverse events; (3) that, as a result, Apyx was reasonably likely to incur regulatory scrutiny; (4) that, as a result of the foregoing, Apyx's financial results would be adversely impacted; and (5) that, as a result of the foregoing, Defendants' positive statements about the company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The Motion, which was filed on August 5, 2022, seeks an Order (1) appointing Hattaway as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as lead counsel; and (3) approving his selection of Desmond Law Firm, P.C. as liaison counsel for the class.  Pursuant to Local Rule 3.01(c), the deadline for a party to file a response in opposition to the Motion was, at the latest, August 19, 2022.  No party filed such a response to the Motion within the time provided by the Rules.  Accordingly, the Court considers the Motion to be unopposed. Nonetheless, this Court will review the application for the appointment of lead plaintiff and lead counsel.  *See Biver v. Nicholas Fin., Inc.*, No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014)

2

(noting the court's obligation to review unopposed applications for the appointment of lead plaintiff) (citations omitted).

## II.   DISCUSSION

Congress enacted the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4, "to remedy perceived abuses in the securities class action litigation." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000). "Specifically, the PSLRA provides certain guidelines for identifying the plaintiff or plaintiffs who are the most strongly aligned with the class of shareholders, and most capable of controlling the selection and actions of counsel." *Id.*  In making this determination, the Court operates under a presumption that the most adequate plaintiff is the person who (a) "either filed the Complaint or made a motion [to serve as lead plaintiff]," (b) "has the largest financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).[1]

### a.  Notification

In the instant case, the notification requirement has been met because Hattaway both filed the Complaint and made a timely motion to serve as lead plaintiff.  Pursuant to 15 U.S.C. § 78u–4(a)(3)(A)(i), Hattaway, as the plaintiff, was required to publish, "in a widely circulated national business-oriented publication or wire service," a notice advising members of the purported class of (1) the pendency of the action, the claims asserted

---

[1] This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).  No such proof has been submitted in this case.

therein, and the purported class period; and (2) their right to file a motion to serve as lead plaintiff of the purported class.

On June 6, 2022, Hattaway caused to be published a notice regarding the pendency of this action on Business Wire, a national, business-oriented newswire service (Doc. 32-2). The notice adequately apprised members of the proposed class of their right to move the Court to serve as lead plaintiff or plaintiffs no later than 60 days from the date of publication. As a result, any potential lead plaintiffs had until August 6, 2022 to move the Court to serve as lead plaintiff in this action. Hattaway filed his Motion on August 5, 2022, and no other individual has moved to serve as lead plaintiff. As a result, the notification requirement is met.

### b. Largest Financial Interest

Hattaway purchased Apyx securities during the Class Period at prices alleged to be artificially inflated by Defendants' alleged misrepresentations and omissions. (Doc. 33 at 5; Doc. 32-3). As a result, Hattaway alleges to have suffered financial harm of approximately $3,098.20 (*Id.*). Hattaway also represents that he "believes he has the largest financial interest in the relief sought by the class." (Doc. 33 at 5). As no evidence has been presented to the contrary, Hattaway is presumed to have the largest financial interest in the litigation.

### c. Rule 23

Rule 23 of the Federal Rules of Civil Procedure provides:

One or more members of a class may sue or be sued as representative
parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;

4

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). At this stage, however, the Court need only find that Hattaway's claims are typical and adequate. *See Dillard v. Platform Specialty Prods. Corp.*, No. 16-cv-80490, 2016 WL 10586300, at *3 (S.D. Fla. June 30, 2016) ("However, at the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate.") (citations omitted); *see also Eastwood Enters., LLC v. Farha*, Nos. 8:07-cv-1940-T-24, 8:07-cv-1993-T-24, 2008 WL 687351, at *1 n.1 (M.D. Fla. Mar. 11, 2008) ("With regards to the issue of whether the person or group of people satisfy the requirements of Federal Rule of Civil Procedure 23, the Court focuses its analysis on the typicality and adequacy requirements of Rule 23.") (citations omitted).

### i.    Typicality

Typicality measures whether a sufficient nexus exists between the claims of the proposed lead plaintiff and those of the class at large. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Here, Hattaway asserts that his claims are typical because he, like all members of the class, alleges that Defendants made material misstatements and omissions concerning Apyx's business, operations, and financial prospects that violated federal securities laws. He further alleges that, like the other class members, he purchased Apyx securities in reliance on Defendants' alleged misstatements and omissions and was

damaged as a result (Doc. 33 at 6).  Therefore, Hattaway's claims appear to be identical to those of other class members.  *See Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, No. 8:06-cv-1716-T-23EAJ, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) ("At this stage, the California Group Plaintiffs have satisfied the typicality requirement by showing that they, like the other class members, purchased Jabil shares during the class period in reliance on allegedly false and misleading statements issued by Defendants and suffered financial losses allegedly due to Defendants' conduct."); *see also Biver*, 2014 WL 1763211, at *6 (movants met typicality requirement by demonstrating that they held stock at the time the proposed transaction was announced, they would suffer the same harm as prospective class members, and maintaining that their claims and the claims of proposed class members arise out of the same course of events and are based on the same legal theories).

### ii.      Adequacy

The purpose of the adequacy requirement is to protect the legal rights of absent class members.  *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003).  "Because all members of the class are bound by the res judicata effect of the judgment, a principal factor in determining the appropriateness of class certification is the forthright vigor with which the representative party can be expected to assert and defend the interests of the members of the class."  *Id.* (quoting *Lyons v. Ga.-Pac. Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000)).  In determining whether a proposed lead plaintiff meets the adequacy requirement, the Court must consider "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the

representatives will adequately prosecute this action." *Valley Drug Co. v. Geneva Pharmas., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). No evidence has been presented indicating that a conflict exists between the interests of Hattaway and those of the class members, or that Hattaway is unable to vigorously and adequately prosecute this action.

In light of the foregoing, the Court finds that Hattaway has satisfied the requirements to be appointed lead plaintiff under the PSLRA.

### d. Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v). Hattaway seeks approval of his selection of Glancy Prongay & Murray LLP as lead counsel and Desmond Law Firm, P.C. as liaison counsel. According to the Motion, both firms "have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' resumés . . . the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation." (Doc. 33 at 7). As this Court has not been provided with any reason to doubt the skill, experience, and qualifications of chosen counsel, the Court approves Hattaway's selection of Glancy Prongay & Murray LLP as lead counsel and Desmond Law Firm, P.C. as liaison counsel.

### III. CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. William E. Hattaway's Motion for Appointment as Lead Plaintiff and Approval of Counsel (Doc. 32) is GRANTED;

7

2.      Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), William E. Hattaway is appointed to serve as Lead Plaintiff in this action;

3.      Glancy  Prongay  &  Murray  LLP  is  approved  as  Lead  Counsel,  and Desmond Law Firm, P.C. is approved as Liaison Counsel.

ORDERED in Tampa, Florida on October 4, 2022.


_____

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE